UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:22-cr-00151-JAW-1 |
| | ) |
| VICTOR SOTO SANCHEZ | ) |

**ORDER ON MOTION TO REDUCE SENTENCE**

Concluding that a defendant is ineligible to reduce his sentence under Amendment 821 of the United States Sentencing Guidelines because he did not receive a two-level status point increase in his criminal history score under U.S.S.G. § 4A1.1(d) and because he did receive a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with the offense, the court dismisses without prejudice the defendant's motion to reduce sentence pursuant to Amendment 821.

**I.   BACKGROUND**

   **A.   Procedural History**

After trial on October 18, 2023, a jury found Victor Soto Sanchez guilty of possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), *Jury Verdict* (ECF No. 101), and on February 16, 2024, the Court sentenced the Defendant to 210 months of imprisonment, five years of supervised release, no fine, and a $100 special assessment. *J.* (ECF No. 123). On November 12, 2025, the Defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Commission Guidelines. *Mot. for Sentence Reduction Pursuant to Amend. 821* (ECF

No. 153) (*Def.'s Mot.*). On November 13, 2025, the United States Probation Office (PO) filed an 821 reduction report in which the Probation Officer concluded that Mr. Soto Sanchez was ineligible for an Amendment 821 reduction. *Report Pursuant to Amend. 821 to the U.S. Sent'g Guidelines for <u>Ineligible</u> Def.* (ECF No. 155) (*PO Ineligible Report*). The Government responded in opposition to the Defendant's motion on December 2, 2025. *Gov't's Resp. in Opp'n to Def.'s Mot. for Sentence Reduction* (ECF No. 156) (*Gov't's Opp'n*).

B.  **Amendment 821: November 1, 2023**

Effective November 1, 2023, the United States Sentencing Commission adopted Amendment 821 to the guidelines and made the changes retroactive. First, the Commission eliminated U.S.S.G. § 4A1.1(d), which had increased a defendant's criminal history score by two points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Next, the Commission inserted a new section, § 4A1.1(e), which increased the criminal history score by one point if the defendant received seven or more criminal history points and committed the offense while under a criminal justice sentence. *See* U.S. SENT'G COMM'N, GUIDELINES MANUAL, app. C supp., Amend. 821, Reason for Amend. (U.S. SENT'G COMM'N, 2023); *see also United States v. Burgos-Balbuena*, 113 F.4th 112, 122 n.8 (1st Cir. 2024) ("The Guidelines now call for only one point in [cases where the defendant committed the instant offense while under supervised release], and only if the defendant's criminal history points otherwise add up to seven or more").

2

These enhancements under either the old or new version of § 4A1.1 are known as "status points." *See* U.S. SENT'G COMM'N, GUIDELINES MANUAL, app. C supp., Amend. 821, Reason for Amend. (U.S. SENT'G COMM'N, 2023). For defendants who received a two-level status point increase in their original calculation, they might be subject to a reduction in criminal history calculation since the Commission made Amendment 821 retroactive. U.S.S.G. § 1B1.10, comment. n.7. However, the Commission made clear that no sentence reduction is authorized pursuant to 18 U.S.C. § 3582(c)(2) if "[a]n amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

### C. The Probation Office Analysis and Government Concurrence

In its report, the PO concluded that Mr. Soto Sanchez was not entitled to a sentence reduction under Amendment 821 because he "did not receive status points pursuant to then-USSG § 4A1.1(d) at the original sentencing and the defendant also had two criminal history points" and further, even if Mr. Soto Sanchez "had zero criminal history points, he possessed a firearm in connection with the offense" and thus he is ineligible. *PO Ineligible Report* at 3. The Government agrees with the PO: "Soto Sanchez does not qualify as a zero-point offender . . . and his applicable guideline range remains unchanged by Amendment 821." *Gov't's Opp'n* at 2.

### D. The Presentence Investigation Report's Calculations

Prior to sentencing, the PO prepared a Presentence Investigation Report in the Defendant's case. *PO Ineligible Report*, Attach. 1, *Revised Presentence Investigation Report* (PSR). The PO first calculated Mr. Diaz's total offense level. *Id.* ¶¶ 17-25. Given the drug quantity, the PO established a base offense level of 32 for the drug

3

trafficking offense, increased the base offense level by 2 pursuant to U.S.S.G. § 2D1.1(b)(1) because Mr. Soto Sanchez possessed a dangerous weapon, and further increased the base level offense by 2 pursuant to U.S.S.G. § 3C1.1 because Mr. Soto Sanchez obstructed the investigation of the underlying offense. *Id.* ¶¶ 17, 18, 21. This resulted in an adjusted offense level of 36. *Id.* ¶ 25.

The PO then addressed the Defendant's criminal history category. It calculated his criminal history score as 2, based on a prior drug possession conviction, which establishes a criminal history category of II. *Id.* ¶¶ 27-28. Based on a total offense level of 36 and a criminal history category of II, Mr. Soto Sanchez faced a guideline sentence range of 210 to 262 months of incarceration. *Id.* ¶ 44. Despite the Defendant's criminal history, he argues he "has zero criminal history." *Def.'s Mot.* at 4.

## II.   DISCUSSION

Amendment 821 does not apply to the Defendant's situation. Mr. Soto Sanchez did not receive a two-level status point increase in his criminal history score under U.S.S.G. § 4A1.1(d) when he was sentenced on February 16, 2024, and therefore, he is not entitled to a status point reduction under the newly added U.S.S.G. § 4A1.1(e). Therefore, Amendment 821 does not afford any relief to Mr. Soto Sanchez.

In addition, under Amendment 821, to be eligible for a sentence reduction under U.S.S.G. § 4C1.1(a)(7), a defendant must not have possessed a firearm in connection with the office. However, under the PO's guideline calculations at his sentencing hearing, Mr. Soto Sanchez received a two-level enhancement under

4

U.S.S.G. § 2D1.1(b)(1) because he possessed a firearm. *PSR* ¶ 18. His firearm possession presents an alternative reason that he is not eligible to receive the benefit of Amendment 821. *See United States v. Correa-Dones*, No. 22-cr-10031-AK-5, 2025 U.S. Dist. LEXIS 119436, at *3 (D. Mass. June 24, 2025) ("Specifically, at her sentencing hearing, the Court imposed a two-level enhancement under Section 2D1.1(b)(1) for possession of a firearm. As a result, Ms. Correa-Dones does not satisfy the seventh criterion under Section 4C1.1, which requires the defendant to not have a firearm or other dangerous weapon in connection with the offense. U.S.S.G. § 4C1.1(a)(7)").

Under U.S.S.G. § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement), a court is not authorized to reduce a defendant's term of incarceration if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). *United States v. Johnson*, No. 2:22-cr-00038-JAW-1, 2024 U.S. Dist. LEXIS 232745, at *14 (D. Me. Dec. 26, 2024) ("As Amendment 821 did not reduce Mr. Johnson's guideline range, the Court cannot reduce his sentence pursuant to Amendment 821"). As the Court has explained, Amendment 821 does not have the effect of reducing the Defendant's sentencing guideline range, because he did not receive a two-level status point increase in his criminal history score under U.S.S.G. § 4A1.1(d) and because he received a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. Accordingly, the Court may not reduce his sentence pursuant to Amendment 821.

### III.    CONCLUSION

The Court DISMISSES without prejudice Defendant Victor Soto Sanchez's Motion for Sentence Reduction Pursuant to Amendment 821 (ECF No. 153).

SO ORDERED.

                                        <u>/s/ John A. Woodcock, Jr.</u>
                                        JOHN A. WOODCOCK, JR.
                                        UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2026