UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| VICTOR SOTO SANCHEZ, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 1:22-cr-00151-JAW |
| | ) | 1:26-cv-00243-JAW |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**ORDER ON PETITIONER'S MOTION FOR DISCOVERY**

Petitioner moves, pursuant to Rule 6 of the Rules Governing 2255 Proceedings, the Court to authorize him to conduct discovery in connection with his request for habeas relief under title 28 U.S.C. § 2255. (Motion for Discovery, ECF No. 165.)

Following a review of the motion, and after consideration of the parties' arguments, the Court denies the motion for discovery.

**DISCUSSION**

Petitioner commenced this action with the filing of a habeas motion in which he asserted multiple grounds for relief. (Motion, ECF No. 161.) Through his discovery motion, Petitioner seeks to obtain from the Government extensive information regarding the investigation that ultimately resulted in the conviction and judgment that Petitioner challenges in this action. Petitioner more specifically contends that discovery is necessary to obtain information related to a hearing on his motion to suppress.

The Government contends that Petitioner has failed to identify any document or evidence that he did not have during the prosecution of the charges. The Government also

argues that Petitioner has not established that with the requested information, he could demonstrate that he is entitled to habeas relief.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6 of the Rules Governing 2255 Proceedings provides: "A judge, may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Good cause has been defined as "specific allegations that give a court 'reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief.'" *Teti v. Bender*, 507 F.3d 50, 60 (1st Cir. 2007) (citing *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)).

In his habeas petition, Petitioner cites specific evidence (e.g., suppression hearing testimony, hearsay evidence, evidence produced in discovery) in support of his request for relief, suggesting that Petitioner has or had access to and is knowledgeable of the evidence relevant to his habeas arguments. Petitioner's discovery request is broad, and Petitioner has presented no evidence or argument that would support a finding that with the requested information, he "may … be able to demonstrate that he is … entitled to relief.'" *Teti*, 507 F.3d at 60 (1sbe able to demonstrate that he is entitled to habeas relief.

As the First Circuit noted, "[a] habeas proceeding is not a fishing expedition." *Teti*, 507 F.3d at 60. Here, Petitioner has not demonstrated good cause for the discovery that he seeks.

## CONCLUSION

After consideration of the parties' arguments, for the reasons explained above, the Court denies Petitioner's motion for discovery. If Petitioner intends to file a reply memorandum in support of his § 2255 motion, Petitioner shall file the reply memorandum on or before November 24, 2026.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Criminal Procedure 59 and Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of October, 2026.